IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-03085-CNS-NRN

MICHAEL LUCAS,

    Plaintiff,

v.

WESTERN MIDSTREAM SERVICES, LLC,

    Defendant.

## ORDER

This matter comes before the Court *sua sponte* upon Plaintiff's failure to comply with Court orders, including his failure to respond to the Court's Order to Show Cause (ECF No. 14). For the reasons stated below, the Court DISMISSES WITHOUT PREJUDICE this action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).

### I.  SUMMARY FOR *PRO SE* PLAINTIFF

On December 12, 2023, Defendant filed a Motion to Dismiss and Transfer Venue (ECF No. 11). Two days later, while Defendant's motion was pending, your attorney moved to withdraw from representing you, explaining that you wanted to hire a different attorney (ECF No. 13).

On January 11, 2024, the Court granted your attorney's motion to withdraw since no party (including you) had voiced any opposition (*see* ECF No. 14). In that same order,

1

the Court also noted that a response to Defendant's motion was due on January 2, 2024, and that you had not responded. As such, the Court ordered you to show cause on or before January 25, 2024, as to why this case should not be dismissed for failure to respond to Defendant's motion (*see id.*). To date, you have not responded to that order to show cause. Likewise, you have not otherwise communicated with the Court, including to provide your updated contact information as ordered (*see id.*).

You initiated this lawsuit, and you are required to participate. Because of your failure to do so, the Court is dismissing your case without prejudice, which means that you may refile your claims, assuming you can satisfy all procedural and jurisdictional requirements for doing so. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II.  DISCUSSION

On October 23, 2023, Plaintiff filed this action in the District Court of Weld County, Colorado, alleging claims of breach of contract and promissory estoppel against his former employer, Defendant, for its alleged failure to give severance pay upon terminating Plaintiff (*see* ECF No. 1-1). On November 21, 2023, Defendant removed the action to this District and, roughly three weeks later, it also filed a Motion to Dismiss and Transfer Venue (*see* ECF Nos. 1, 11). While Defendant's motion was pending, counsel for Plaintiff moved to withdraw from the representation, citing Plaintiff's apparent desire to hire alternate counsel (*see* ECF No. 13).

On January 11, 2024, the Court granted the motion to withdraw and further issued an order to show cause, as follows:

> The Court has received no opposition to the Motion to Withdraw and therefore the Motion 13 is GRANTED. Attorney Grace Barberena is withdrawn as counsel for Plaintiff Lucas. In addition, the Court notes that prior to the filing of Plaintiff's motion to withdraw, the Defendant, on December 12, 2023, filed a Motion to Dismiss and Transfer Venue (ECF No. 11). A response to that motion was due on January 2, 2024, however, Plaintiff has not responded. The Court now orders that Plaintiff show cause on or before January 25, 2024, as to why this case should not be dismissed for failure to respond to the Motion to Dismiss 13. The Court does not have contact information for now pro se Plaintiff Lucas and directs that Plaintiff immediately contact the Clerk of Court's office to provide contact information. The Court orders that now former counsel Ms. Barberena immediately serve this order on Plaintiff.

(ECF No. 14). To date, Plaintiff has not responded to the Court's show-cause order, nor has Plaintiff provided his updated contact information as ordered.

Based upon Plaintiff's failures to comply with the Court's show-cause order or otherwise take appropriate actions to prosecute this case, the Court deems it appropriate to dismiss Plaintiff's claims without prejudice.[1] Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This rule "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Vanmaanen*

---

[1] "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

3

*v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citation omitted). Likewise, D.C.COLO.LCivR 41.1 states that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In considering dismissal under Rule 41(b) based on a party's failure to prosecute, courts in the Tenth Circuit have considered the following five factors: (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 931 (10th Cir. 2015).

The Court finds that these factors weigh heavily in favor of dismissal. First, Defendant has suffered actual prejudice as a result of Plaintiff's failures to comply with Court orders, chiefly because Defendant continues to experience delay and uncertainty in the resolution of the claims against it. Second, the amount of interference with the judicial process is significant, as Plaintiff has failed to comply with both filing deadlines and orders of this Court requiring communication from Plaintiff. Third, Plaintiff appears to be solely responsible for his failure to adhere to filing deadlines, and he has ignored the opportunity given by the Court to show cause for this failure (*see* ECF No. 14). Fourth, by operation of the Court's show-cause order, Plaintiff was given clear notice that failure to respond may result in the dismissal of his case (*see id.*). Fifth and finally, there does not

appear to be any lesser sanction that would be effective, as Plaintiff has been unresponsive to this Court's orders.

Notwithstanding Plaintiff's status as a *pro se* party,[2] because he has failed to comply with filing deadlines and Court orders, his case is dismissed without prejudice.

### III.  CONCLUSION

Consistent with the foregoing analysis, the Court ORDERS as follows:

(1) This action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) and D.C.COLO.LCivR 41.1 for failure to prosecute;

(2) Defendant's Motion to Dismiss and Transfer Venue (ECF No. 11) is DENIED AS MOOT; and

(3) The Clerk of Court is directed to close this case.

DATED this 31st day of January 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] The Court liberally construes a *pro se* party's filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as a *pro se* party's advocate, and such a party is governed by the same procedural rules and requirements of substantive law that govern other litigants. *See Dodson v. Bd. of Cnty. Comm'rs*, 878 F.Supp.2d 1227, 1235–36 (D. Colo. 2012).